CHESEBRO, ROBBINS AND GRAHAM, INC. *v.*
HARRY LEADBETTER

COURT OF COMMON PLEAS   NEW HAVEN COUNTY   FILE NO. 48462

Memorandum filed July 7, 1955.

*Robert P. Billings,* of Wallingford, for the plaintiff.

*T. Holmes Bracken,* of New Haven, for the defendant.

FITZGERALD, J.   Defendant is the president of the Tip Top Food Market, Inc., a Connecticut corporation. In this action the plaintiff, a creditor of the corporation, seeks to hold the defendant personally liable as an alleged indorser on the corporation's promissory note to it of July 29, 1952, in the amount of $604.15. It is conceded that the note is that of the corporation and that the defendant was authorized to sign it as president of the corporate maker.

The form of the indorsement upon which the plaintiff seeks to hold the defendant personally liable, reads: "FOR VALUE RECEIVED, I hereby indorse the within promissory note, and hereby

waive notice of presentment, demand for payment, dishonor and notice of protest." The defendant signed his name thereto under the quoted indorsement clause, and in ink wrote in his title as president and the name of the corporation. The signature and corporate designation appear directly above the defendant's typed name.

It has been made to appear that the corporate maker prior to the date of the execution of the note was indebted to the plaintiff in the sum of $604.15. An authorized representative of the plaintiff wrote a letter to it on July 28, 1952, which contains among other things the following specific instruction: "I enclose a promissory note for $604.15, the balance of your indebtedness to Chesebro, Robins & Graham, Inc. [plaintiff herein], which I will ask you to execute as follows: You should sign your name 'Harry Ledbetter' on the line where provision for the president's signature has been made. Your corporate seal should then be affixed. You yourself should then endorse it 'Harry Ledbetter' on the reverse side, and return it promptly to me."

The defendant exceeded the instruction by adding in ink his title of president and the name of the corporate maker following his appended signature to the indorsement. See second paragraph of this memorandum. This departure from the explicit instruction as contained in the letter of July 28, 1952, can only be accounted for on one of two grounds: (1) inadvertence on the part of the defendant; or (2) calculated digression. In any event the defendant did say to a representative of the plaintiff at a later date: "You got me on that note. I'll make it good."

Defendant seeks exoneration from personal liability as indorser under § 6312 of the General Statutes, being a part of the Negotiable Instruments Act

of 1897. It is his claim in this regard that his indorsement contains words "indicating that he (signed) for or on behalf of a principal, or in a representative capacity." However, there was no evidence presented by the defendant that he was "duly authorized" to indorse the note on behalf of the corporate maker. See statute. Obviously the defendant recognized the absurdity of having it appear that the corporation had done the plaintiff the dubious favor of authorizing him to indorse on its behalf a note which it had authorized him to make on its behalf. If such evidence had been presented, it would not have been believed as a true fact.

The situation at bar is not comparable to that in *Meyers* v. *Maglaris,* 15 Conn. Sup. 29, which was decided for the defendant. *Austin, Nichols & Co.* v. *Gross,* 98 Conn. 782, particularly invoked by the defendant, does not assist him in his claim of personal exoneration. The court feels strongly that to exonerate the defendant from personal liability as indorser on the note in suit would result in a gross miscarriage of justice. It will not do so.

Principal indebtedness is found to be $604.15. Interest to date (6 per cent) since the default on September 18, 1952, is approximately $102. So also a reasonable attorney fee, as provided in the note, is awarded the plaintiff. Such is set at $125.

The issues having been found for the plaintiff, judgment may enter for the plaintiff to recover $831.15 as damages. Costs to the plaintiff as a further incident of the judgment.